IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

**WILLIAM CUNNINGHAM,**

      **Petitioner,**

v.                                     **Case No. 6:07-cv-00314**

**UNITED STATES,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On May 17, 2007, Petitioner filed a Petition for Judicial Review (docket sheet document # 2) and an Application to Proceed in forma pauperis (# 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding, such as this one, where the Petitioner seeks to proceed in forma pauperis (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the United States Supreme Court recently addressed the standard for granting a motion to dismiss pursuant to Rule 12(b)(6). In Twombly, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement").

While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65. This screening is generally done prior to consideration of the Application to Proceed Without Prepayment of Fees.

Because Petitioner is pro se, the court "is obliged to construe his pleadings liberally and search for any 'set of facts in support of his claim which would entitle him to relief.'" Materson v. Stokes, 166 F.R.D. 368, 372 (E.D. Va. 1996) (quoting

2

Haines v. Kerner, 404 U.S. 519, 521 (1972)). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Petitioner. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.

Petitioner's Petition alleges that:

> In the passing of PL 109-248 [the Adam Walsh Child Safety and Protection Act of 2006]in particular and many other bills, the US congress elected to vote by "secret-ballot." In other words they prevent themselves from being accountable to the people as the US Constitution requires. While there may be some cases where having an anonymous vote may sound ok from their point of view they are still not accountable to the people. So you have Congress persons who promise opposite things to different groups or persons and when it comes down to voting, hide their vote. PL 109-248 is mentioned only because it is controversial and a perfect example of hiding the truth. We have law makers that spend life times in office and the way they really vote unknown to their constituents.
>
> The petitioner requests two things. That the court review by Constitutional law if these secret votes undermine democracy and make congress people immune to being voted out for example by the way they vote.
>
> Secondly, the Constitution places term limits on the executive for obvious reasons, does this too apply to the legislative branch? Should congress persons in the name of democracy serve at least so many consecutive terms> before Running again.

(# 2).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim

>    needs no new grounds for jurisdiction to support it, 2)
>    a short and plain statement of the claim showing that the
>    pleader is entitled to relief, and 3) a demand for
>    judgment for the relief the pleader seeks. Relief in the
>    alternative or of several different types may be
>    demanded.

Fed. R. Civ. P. 8(a).  Petitioner's petition does none of these things.

Petitioner's petition does not contain a short and plain statement of the court's jurisdiction or demonstrate that he is entitled to any relief.  Petitioner essentially requests that the court conduct legal research on his behalf concerning Congressional voting procedure, which the court will not do.  Petitioner does not challenge the constitutionality of the public law that he cites; however, the undersigned notes that Petitioner previously made such a challenge in another civil action in this court, and his constitutional challenge was determined to be without merit.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's Petition for Judicial Review (# 2) fails to state a claim upon which relief may be granted.  Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for Judicial Review (# 1) under 28 U.S.C. § 1915(e)(2)(B) and **DENY** Petitioner's Application to Proceed in forma pauperis (# 1).

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to

the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing) and ten days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

<div style="display: flex; justify-content: space-between;">

February 29, 2008
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

</div>